Nancy Curry, Chapter 13 Trustee
1000 Wilshire Boulevard, Suite 870
Los Angeles, CA 90017
Tel: (213) 689-3014
Fax: (213) 689-3055

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** <br> **CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION** ||
| IN RE: <br><br> KEBABJIAN, MIHRAN KEVORK | CASE NO. 2:19-bk-19523-VZ <br><br> CHAPTER 13 <br><br> **TRUSTEE'S OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN UNDER 11 USC §§§1322, 1325 AND 1326; DECLARATION IN SUPPORT; NOTICE OF POSSIBLE DISMISSAL OR CONVERSION UNDER 11 USC §1307** <br><br> DATE: July 13, 2020 <br> TIME: 09:00 AM <br> COURTROOM:   1368 <br> 255 East Temple Street <br> Los Angeles, CA 90012 |

The Chapter 13 Standing Trustee hereby objects to the confirmation of the proposed plan because the Debtor has failed to meet all necessary requirements as detailed in the attached declaration and supporting Exhibit A.

   THE FAILURE OF THE DEBTOR, OR THE ATTORNEY REPRESENTING THE DEBTOR, TO RESPOND TO THESE OBJECTIONS, APPEAR AT THE CONFIRMATION HEARING AND FAILURE TO PRESENT EVIDENCE THAT ALL REQUIRED PAYMENTS ARE CURRENT MAY RESULT IN DISMISSAL OR CONVERSION OF THE CASE.

Therefore, the Trustee respectfully requests that confirmation of the plan be denied and for such other relief as the Court may deem appropriate.


DATED:   October 21, 2019                                         /s/ Nancy Curry
                                                                                        Chapter 13 Standing Trustee

## **DECLARATION OF MASAKO OKUDA**

I, MASAKO OKUDA, declare as follows:

1. Nancy Curry is the Chapter 13 Standing Trustee in this matter:

    KEBABJIAN, MIHRAN KEVORK, 2:19-bk-19523-VZ

    I am employed by the Trustee as a staff attorney and am duly qualified to make this declaration. The Trustee has files and records kept by her office in the regular course of business. I have personally reviewed the files and records kept by her office in the within case. The following facts are true and correct within my own personal knowledge and I could and would testify competently thereto if called upon to do so.

2. I object to the confirmation of the proposed Plan because of the specific deficiencies which are set forth in the attached Exhibit A which is incorporated herein by reference.

I declare under penalty of perjury that the foregoing is true and correct. Executed at Los Angeles, California on October 21, 2019.

DATED: October 21, 2019                                             /s/ Masako Okuda
                                                                                           Masako Okuda

**Debtor:** KEBABJIAN, MIHRAN KEVORK
**Case No.:** 2:19-bk-19523-VZ          §341(a): 10/17/2019          Debtor attorney: Sevan Gorginian

# EXHIBIT A

| |
|---|
| **Other issues may arise at or before confirmation requiring additional action or information by the debtor and counsel.** |
| **Debtor is ineligible**                                              In re Scovis v. Henrichsen, 249 F.3d 975, 981 (9th Cir. 2001) |
| The amount of the unsecured claims (proofs of claim total $526,852.66) exceeds the statutory limit under 11 U.S.C. §109(e).<br><br>In determining debtor's eligibility for Chapter 13 relief, bankruptcy court must rely on primarily on debtor's schedules and on timely-filed proofs of claim. In re Hanson, 275 B.R. 593, 596 (Bankr. D. Colo. 2002). |
| **Feasibility** |
| The Plan is infeasible because a presently known claim total exceeds the amount the plan provides – 1% of the allowed general unsecured claims. [11 USC §1325(a)(6)] |
| **The Plan** |
| The Debtor has failed to properly complete the Plan because the student loan is inappropriately provided in Class-4. |
| **Best effort**                                                                     Hamilton v. Lanning, 130 S.Ct. 2464 (2010) |
| The Plan does not represent a best effort of the Debtor [11 USC §1325(b)(1)(B)] because |

| | |
|---|---|
| 1. | The Plan term must be 60 months if the Debtor's annualized current monthly income on Form 122C-1 is greater than the applicable median family income. Danielson v. Flores (In re Flores), 735 F.3d 855 (9th Cir. 2013).<br><br>The Debtor should not exclude his ordinary and necessary business expenses on line 5 of Form 122C-1 in determining his current monthly income. He must instead list gross receipts as income and deduct business expenses from the expenses part of Form 22C-2 to determine monthly disposable income. In re Wiegand, 368 BR 238 (BAP 9th Cir. 2008). |
| 2. | The Debtor has failed to commit all disposable income to the Plan.<br><br>(1) The automobile loan ($690/mo) will be paid off within the plan term. A copy of the loan statement is requested.<br>(2) The Debtor must file Form 122C-2 and contribute his disposable income to Class-5 based on the monthly disposable income in Form 122C-2. |

| |
|---|
| **Income** |
| The Debtor has failed to timely (7 days before the §341(a) debtor examination) provide:<br><br>(1) Payment advices (Social Security) [11 USC §521(a)(1), LBR 3015-1(c)(3)].<br><br>(2) Complete copies of 2017 Federal and State Income Tax Returns, including W-2s, 1099s (or other supporting documentation) [11 USC §521(e)(2), LBR 3015-1(c)(3)]. |

The Debtor who owns a business (VMS Auto Body Collision Center, Inc.) has failed to comply with the business reporting requirements of LBR 3015-1(c)(4).

The Debtor is requested to provide:
- Actual monthly income and expense statements for 2019 YTD with supporting bank statements; and continue to provide these statements each month until a plan is confirmed.
- Complete Federal and State income tax returns for 2017 and 2018.

The Income and Expense Statement Forms can be downloaded from the Trustee's website: **http://curry.trustee13.com.**

**Unfair discrimination**

The general unsecured creditors are not provided the same treatment. The Plan reflects that the Debtor is paying the student loan directly to the creditor; whereas the Plan provides for 1% of the allowed general unsecured claims. [11 USC §§1322(a)(3);(b)(1)]

**PROOF OF SERVICE DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

        1000 Wilshire Blvd., Suite 870
        Los Angeles, CA 90017

A true and correct copy of the foregoing document entitled (specify) **TRUSTEE'S OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN UNDER 11 USC §§1322, 1325 AND 1326; DECLARATION IN SUPPORT; NOTICE OF POSSIBLE DISMISSAL OR CONVERSION UNDER 11 USC §1307** will be served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On October 21, 2019, I checked the CM/ECF document for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**2. SERVED BY UNITED STATES MAIL:** On October 21, 2019, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

    KEBABJIAN, MIHRAN KEVORK        SEVAN GORGINIAN

    3673 E. DEL MAR BLVD.                450 N. BRAND BLVD., STE 600
    PASADENA, CA 91107                   GLENDALE, CA 91203-

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P.5 and/or controlling LBR, on October 21, 2019, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission, and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

    Honorable Vincent Zurzolo
    U.S. Bankruptcy Court
    Bin outside of Suite 1360
    255 East Temple Street
    Los Angeles, CA 90012

I declare under penalty of perjury that the laws of the United States that the foregoing is true and correct.

| October 21, 2019 | Carlos Robles | /s/ Carlos Robles |
|---|---|---|
| Date | Type Name | Signature |